RICHARD K. DIAMOND (State Bar No. 70634)
rdiamond@dgdk.com
UZZI O. RAANAN (State Bar No. 162747)
uraanan@dgdk.com
DANNING, GILL, DIAMOND & KOLLITZ, LLP
2029 Century Park East, Third Floor
Los Angeles, California 90067-2904
Telephone: (310) 277-0077
Facsimile: (310) 277-5735

Attorneys for R. Todd Neilson,
Chapter 11 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>EZRI NAMVAR,<br><br>Debtor.<br>_____<br><br>R. TODD NEILSON, AS CHAPTER 11 TRUSTEE FOR THE BANKRUPTCY ESTATE OF EZRI NAMVAR,<br><br>Plaintiff,<br><br>v.<br><br>HOOSHANG "SEAN" NAMVAR, an individual,<br><br><br><br>Defendant. | Case No. 2:08-bk-32349-BR<br><br>Chapter 11<br><br>Adv. No.:<br><br>COMPLAINT:<br><br>1. TO AVOID AND RECOVER PREFERENTIAL TRANSFERS;<br>2. TO AVOID AND RECOVER FRAUDULENT TRANSFERS;<br>3. TO AVOID AND RECOVER UNJUST ENRICHMENT;<br>4. TO ESTABLISH A RESULTING TRUST;<br>5. FOR DISALLOWANCE OF CLAIM<br><br>Date:  [See Summons]<br>Time:  [See Summons]<br>Place: Courtroom "1668"<br>       255 E. Temple Street<br>       Los Angeles, CA |

Plaintiff R. Todd Neilson, the Chapter 11 trustee ("Plaintiff" or the "Trustee") for the bankruptcy estate of Ezri Namvar (the "Debtor"), alleges as follows:

## JURISDICTION AND CASE BACKGROUND

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

-1-

356771.02 [XP]    25184

2. This action is commenced pursuant to Federal Rule of Bankruptcy Procedure 7001, and 11 U.S.C. §§ 544, 547, 548 and 550, as well as applicable California law.

3. This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), (F), (H), and (O).

4. On December 22, 2008 (the Petition Date"), creditors filed an involuntary petition against the Debtor (the "Bankruptcy Case") for relief under Chapter 11 of title 11 of the United States Code (the "Code"). The Debtor consented to an order for relief, and the order for relief was entered on or about January 29, 2009.

5. The Debtor operated as the Debtor-in-Possession until the Court ordered the U.S. Trustee to appoint a Chapter 11 Trustee. R. Todd Neilson was appointed Chapter 11 Trustee for the Debtor's estate pursuant to an order entered on or about March 11, 2009, and since that time has been the duly appointed, qualified, and acting chapter 11 Trustee in the Bankruptcy Case.

### THE PARTIES

6. Plaintiff brings this action solely in his capacity as the Chapter 11 Trustee for the Debtor's estate.

7. Defendant Hooshang "Sean" Namvar (the "Defendant") is, and at all times mentioned herein was, an individual residing in the County of Los Angeles, State of California. The Defendant is one of the Debtor's brothers.

### GENERAL ALLEGATIONS

8. On or about May 27, 2004, Nam 5, LTD (also known as Num 5, LTD, and hereafter "Nam5") was formed in the State of Israel, as an Israeli corporation.

9. In an August 9, 2006 filing with the Israeli registrar of companies, Nam5 reported having the following five owners, each with 200 shares: Ezri Namvar, Hooshang "Sean" Namvar, Homayoun "Tony" Namvar, Mousa Namvar, and Ramin Namvar. The five owners (collectively the "Namvar Brothers") are all brothers.

10. According to Nam5's financial reports for the periods ending in December 31, 2006 and December 31, 2007 (the "Financial Reports"), prepared by the company's Israeli accountants,

-2-

Nam5 was owned by five individuals who lived outside of Israel, and who held membership interests in equal percentages.

11. Plaintiff is informed and believes and based thereon alleges, that the Debtor caused his wholly-owned entity Namco Capital Group, Inc. ("Namco") to loan or otherwise transfer to Nam5 over $15,000,000, and personally guaranteed loans obtained by Nam5 from Israeli banks.

12. Plaintiff is also informed and believes and based thereon alleges that the Debtor was involved in the management and decision-making at Nam5, including which assets Nam5 would purchase.

13. Plaintiff is informed and believes and based thereon alleges that as of at least 2006, each of the Namvar Brothers, including the Debtor, owned 200 shares, or a 20% interest, in Nam5.

14. Plaintiff is informed and believes and based thereon alleges that the Debtor transferred the 200 shares (the "Shares") that he owned in Nam5 to the Defendant on or about December 3, 2008. On or about December 18, 2008, four days before the Petition Date, Nam5 filed with the Israeli registrar of corporations a notice of transfer of shares in a corporation ("Notice of Transfer of Shares"), disclosing that the Debtor had transferred his Shares to the Defendant (the "Subject Transfer").

15. To the extent that the Trustee asserts claims herein under Section 544(b) of the Bankruptcy Code, the Trustee is informed and believes and based thereon alleges that there exist in this case one or more creditors holding unsecured claims allowable under section 502 of the Code or that are not allowable only under section 502(e) of the Code, who could have avoided the respective transfers or obligations under California or other applicable law when the Bankruptcy Petition was filed.

### FIRST CLAIM FOR RELIEF

[To Avoid and Recover Preferential Transfer]

[11 U.S.C. §§ 547 and 550]

16. Plaintiff refers to and by this reference incorporates and alleges herein each of the allegations set forth in Paragraphs 1 through 14, inclusive, of this Complaint.

-3-

356771.02 [XP]    25184

17. Plaintiff is informed and believes and based thereon alleges that the Subject Transfer constitutes a "transfer" of the Debtor's ownership interest in Nam5, within the meaning of the term provided in section 101(54) of the Code.

18. Plaintiff is informed and believes and based thereon alleges that the Subject Transfer was made to or for the benefit of Defendant, a creditor of the Debtor.

19. Plaintiff is informed and believes and based thereon alleges that the Subject Transfer was made for or on account of an antecedent debt owed by the Debtor before such transfer was made.

20. Plaintiff is informed and believes and based thereon alleges that the Debtor made the Subject Transfer at a time that he was insolvent.

21. Defendant is an insider of the Debtor.

22. The Debtor made the Subject Transfer within 90 days prior to the Petition Date.

23. Plaintiff is informed and believes and based thereon alleges that the Subject Transfer enabled Defendant, as a creditor, to receive more than he would have received if the transfer had not been made and Defendant instead were to receive payments on his claims only to the extent provided by Chapter 7 of the Code.

24. By reason of the foregoing, pursuant to section 547(b) of the Code, Plaintiff may avoid the Subject Transfer, or any part thereof, according to proof at trial.

25. Pursuant to section 550 of the Code, Plaintiff may recover from Defendant the property or the value of the property transferred pursuant to the Subject Transfer, or any part thereof, plus interest thereon as provided by the law.

### SECOND CLAIM FOR RELIEF

**[To Avoid and Recover Preferential Transfer to Insider]**

**[11 U.S.C. §§ 547 and 550]**

26. Plaintiff refers to and by this reference incorporates and alleges herein each of the allegations set forth in Paragraphs 1 through 23, inclusive, of this Complaint.

356771.02 [XP]    25184

27. The Debtor, and insider, made the Subject Transfer within one year prior to the Petition Date.

28. By reason of the foregoing, pursuant to section 547(b) of the Code, Plaintiff may avoid the Subject Transfer, or any part thereof, according to proof at trial.

29. Pursuant to section 550 of the Code, Plaintiff may recover from Defendant the property or the value of the property transferred pursuant to the Subject Transfer, or any part thereof, plus interest thereon as provided by the law.

## THIRD CLAIM FOR RELIEF

[To Avoid and Recover Fraudulent Transfer]

[11 U.S.C. §§ 544(b) and 550, and California Civil Code § 3439.04(a)(1)]

30. Plaintiff refers to and by this reference incorporates and alleges herein each and all of the allegations set forth in Paragraphs 1 through 15 and 17, inclusive of this Complaint.

31. Plaintiff is informed and believes and based thereon alleges that the Debtor made the Subject Transfer with the actual intent to hinder, delay or defraud one or more of his creditors.

32. By reason of the foregoing, Plaintiff may avoid the Subject Transfer pursuant to section 544(b) of the Code and California Civil Code section 3439.04(a)(1).

33. Furthermore, pursuant to Section 550 of the Code, the Plaintiff may recover from Defendant the property or the value of the property transferred pursuant to the Subject Transfer, or any part thereof, plus interest thereon at the maximum legal rate from and after the date of the Subject Transfer.

## FOURTH CLAIM FOR RELIEF

[To Avoid and Recover Fraudulent Transfer]

[11 U.S.C. §§ 544(b) and 550, and California Civil Code § 3439.05]

34. Plaintiff refers to, and by this reference incorporates and alleges herein each of the allegations set forth in Paragraphs 1 through 15 and 17, inclusive of this Complaint.

356771.02 [XP]    25184

35. Plaintiff is informed and believes and based thereon alleges that the Debtor received less than a reasonably equivalent value in exchange for the Subject Transfer.

36. Plaintiff is informed and believes and based thereon alleges that at the time of the Subject Transfer the Debtor was either insolvent or became insolvent as a result of the Subject Transfer.

37. Plaintiff is informed and believes and based thereon alleges that the Debtor had creditors whose claims arose before the Subject Transfer.

38. By reason of the foregoing, Plaintiff may avoid the Subject Transfer pursuant to section 544(b) of the Code and California Civil Code section 3439.05.

39. Furthermore, pursuant to Section 550 of the Code, the Plaintiff may recover from Defendant the full value of the transfer that he received, in an amount to be shown at trial, plus interest thereon at the maximum legal rate from and after the date of the Subject Transfer.

## FIFTH CLAIM FOR RELIEF

[To Avoid and Recover Fraudulent Transfer]

[11 U.S.C. §§ 544(b) and 550, and California Civil Code § 3439.04(a)(2)(A)]

40. Plaintiff refers to, and by this reference incorporates and alleges herein each of the allegations set forth in Paragraphs 1 through 15, 17, and 35, inclusive of this Complaint.

41. Plaintiff is informed and believes and based thereon alleges that at the time of the Subject Transfer the Debtor was engaged in business or transaction, or was about to engage in business or transaction, for which his remaining property was an unreasonably small capital.

42. By reason of the foregoing, Plaintiff may avoid the Subject Transfer pursuant to section 544(b) of the Code and California Civil Code section 3439.04(a)(2)(A).

43. Furthermore, pursuant to Section 550 of the Code, the Plaintiff may recover from Defendant the full value of the transfer that he received, in an amount to be shown at trial, plus interest thereon at the maximum legal rate from and after the date of the Subject Transfer.

356771.02 [XP]        25184

## SIXTH CLAIM FOR RELIEF

[To Avoid and Recover Fraudulent Transfer]

[11 U.S.C. §§ 544(b) and 550, and California Civil Code § 3439.04(a)(2)(B)]

44. Plaintiff refers to, and by this reference incorporates and alleges herein each of the allegations set forth in Paragraphs 1 through 15, 17, and 35, inclusive of this Complaint.

45. Plaintiff is informed and believes and based thereon alleges that at the time of the Subject Transfer the Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as such debts matured.

46. By reason of the foregoing, Plaintiff may avoid the Subject Transfer pursuant to section 544(b) of the Code and California Civil Code section 3439.04(a)(2)(B).

47. Furthermore, pursuant to Section 550 of the Code, the Plaintiff may recover from Defendant the full value of the transfer that he received, in an amount to be shown at trial, plus interest thereon at the maximum legal rate from and after the date of the Subject Transfer.

## SEVENTH CLAIM FOR RELIEF

[To Avoid and Recover Fraudulent Transfer]

[11 U.S.C. §§ 548(a)(1)(A) and 550]

48. Plaintiff refers to and by this reference incorporates and alleges herein each and all of the allegations set forth in Paragraphs 1 through 15, 17, and 31 inclusive of this Complaint.

49. By reason of the foregoing, Plaintiff may avoid the Subject Transfer, pursuant to section 548 of the Code.

50. Furthermore, pursuant to Section 550 of the Code, the Plaintiff may recover from Defendant the full value of the Subject Transfer, in an amount to be shown at trial, plus interest thereon at the maximum legal rate from and after the date of the Subject Transfer.

///

///

///

///

-7-

356771.02 [XP]        25184

### EIGHTH CLAIM FOR RELIEF

### [To Avoid and Recover Fraudulent Transfer]

### [11 U.S.C. §§ 548(a)(1)(B)(i) and (ii)(I) and 550]

51. Plaintiff refers to, and by this reference incorporates and alleges herein each of the allegations set forth in Paragraphs 1 through 15, 17, 35, and 36, inclusive of this Complaint.

52. By reason of the foregoing, Plaintiff may avoid the Subject Transfer pursuant to section 548 of the Code.

53. Furthermore, pursuant to Section 550 of the Code, the Plaintiff may recover from Defendant the full value of the transfer that he received, in an amount to be shown at trial, plus interest thereon at the maximum legal rate from and after the date of the Subject Transfer.

### NINTH CLAIM FOR RELIEF

### [To Avoid and Recover Fraudulent Transfer]

### [11 U.S.C. §§ 548(a)(1)(B)(i) and (ii)(II) and 550]

54. Plaintiff refers to, and by this reference incorporates and alleges herein each of the allegations set forth in Paragraphs 1 through 15, 17, and 35, and 41, inclusive of this Complaint.

55. By reason of the foregoing, Plaintiff may avoid the Subject Transfer pursuant to section 548 of the Code.

56. Furthermore, pursuant to Section 550 of the Code, the Plaintiff may recover from Defendant the full value of the transfer that he received, in an amount to be shown at trial, plus interest thereon at the maximum legal rate from and after the date of the Subject Transfer.

### TENTH CLAIM FOR RELIEF

### [To Avoid and Recover Fraudulent Transfer]

### [11 U.S.C. §§ 548(a)(1)(B)(i) and (ii)(III) and 550]

57. Plaintiff refers to, and by this reference incorporates and alleges herein each of the allegations set forth in Paragraphs 1 through 15, 17, 35, and 45, inclusive of this Complaint.

356771.02 [XP]    25184

58. By reason of the foregoing, Plaintiff may avoid the Subject Transfer pursuant to section 548 of the Code.

59. Furthermore, pursuant to Section 550 of the Code, the Plaintiff may recover from Defendant the full value of the transfer that he received, in an amount to be shown at trial, plus interest thereon at the maximum legal rate from and after the date of the Subject Transfer.

### ELEVENTH CLAIM FOR RELIEF
### [To Avoid Unjust Enrichment]

60. Plaintiff refers to, and by this reference incorporates and alleges herein each of the allegations set forth in Paragraphs 1 through 59, inclusive of this Complaint.

61. Plaintiff is informed and believes and based thereon alleges that as a result of the Subject Transfer this Defendant has been unjustly enriched, so that the Plaintiff is entitled to recover from the Defendant, in sums according to proof, plus interest thereon at the legal rate.

### TWELFTH CLAIM FOR RELIEF
### [Resulting Trust]

62. Plaintiff refers to, and by this reference incorporates and alleges herein each of the allegations set forth in Paragraphs 1 through 59, inclusive of this Complaint.

63. Plaintiff is informed and believes and based thereon alleges that at all times mentioned herein the Debtor was the equitable owner and Defendant was the title holder of the Shares. At all times mentioned herein, it was and is the intentions of the Debtor and Defendant that Defendant hold the Shares in trust for the Debtor until such time as the Debtor demanded transfer back of the Shares or that the Shares be sold and the Debtor would receive the net proceeds of the sale.

64. As a result of this agreement between the Debtor and Defendant, Defendant holds and has always held legal title of the Shares as a trustee of a resulting trust for the benefit of the Debtor, and Defendant has no right, title or interest in the Shares.

356771.02 [XP]    25184

## THIRTEENTH CLAIM FOR RELIEF

### [Disallowance of Claim]

### [11 U.S.C. § 502(d)]

65. Plaintiff refers to, and by this reference incorporates and alleges herein each of the allegations set forth in Paragraphs 1 through 64, inclusive of this Complaint

66. To the extent Defendant holds unsecured and/or administrative claim(s) against the Debtor's bankruptcy estate, such claim(s) should be disallowed, pursuant to Section 502(d) of the Code, to the extent the claim(s) is recoverable under section 550, or that the Defendant is a transferee under Sections 544, 547, and 548 of the Code, unless the Defendant has paid the amount for which he is liable under Section 550 of the Code.

**WHEREFORE**, the Plaintiff prays for judgment against Defendant Hooshang "Sean" Namvar as follows:

On the First through Tenth Claims for Relief:

1. That the Subject Transfer be avoided;

2. That Plaintiff recover the Subject Transfer, or the value of the Subject Transfer;

On the Eleventh Claim for Relief:

3. That Plaintiff recover the amount of the unjust enrichment received by the Defendant;

On the Twelfth Claim for Relief:

4. Finding that the Debtor is the owner of the Shares, and that Defendant has no interest in the Shares adverse or otherwise to the Debtor or his estate;

5. Declaring that Defendant holds title to the Shares as trustee of a resulting trust for the benefit of the Debtor, and that Defendant has no right, title, or interest in the Shares;

6. Declaring that if the Debtor's interest in the shares is disposed of before this judgment becomes final, Plaintiff is deemed the owner of the proceeds of the sale of the Shares;

7. Ordering Defendant to convey to Plaintiff forthwith all of the title to the Shares or to pay the Plaintiff the proceeds of the sale of the Shares.

356771.02 [XP]    25184

8. Ordering that if the Shares and its proceeds are disposed of by Defendant before the judgment becomes final, Plaintiff have and recover judgment from Defendant for an amount to be determined at trial, based on the estimated value of the Shares;

On the Thirteenth Claim for Relief:

9. Disallowing Defendant's unsecured and administrative claim(s) against the Debtor's bankruptcy estate

As to All Claims for Relief:

10. For costs of suit incurred;

11. For reasonable attorneys' fees incurred herein; and

12. For such other and further relief as the Court may deed just and proper.

Dated: August 23, 2010    DANNING, GILL, DIAMOND & KOLLITZ, LLP

By: _____
Uzzi O. Raanan
Attorneys for R. Todd Neilson,
Chapter 11 Trustee

-11-

356771.02 [XP]    25184

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>R. TODD NEILSON, AS CHAPTER 11 TRUSTEE FOR THE BANKRUPTCY ESTATE OF EZRI NAMVAR | DEFENDANTS<br>HOOSHANG "SEAN" NAMVAR, an individual |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>UZZI O. RAANAN<br>DANNING, GILL, DIAMOND & KOLLITZ, LLP<br>2029 CENTURY PARK EAST, THIRD FLOOR<br>(310) 277-0077 | ATTORNEYS (If Known) |
| PARTY (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☒ Trustee | PARTY (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
COMPLAINT TO: (1) AVOID AND RECOVER PREFERENTIAL TRANSFERS UNDER 11 U.S.C. SECTIONS 547 AND 550 ; (2) AVOID AND RECOVER FRAUDULENT TRANSFERS UNDER 11 U.S.C. SECTIONS 544(b), 548 AND 550 AND CAL. CIV. CODE SECTIONS 3439.04 AND 3439.05 ; (3) AVOID AND RECOVER UNJUST ENRICHMENT; (4) ESTABLISH A RESULTING TRUST; and (5) DISALLOWANCE OF CLAIM UNDER 11 U.S.C. SECTION 502(d)

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☒ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ unknown |

Other Relief Sought  UNJUST ENRICHMENT, ESTABLISH RESULTING TRUST, DISALLOWANCE OF CLAIM

B104

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>EZRI NAMVAR | BANKRUPTCY CASE NO.<br>2:08-bk-32349-BR | | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL | DIVISION OFFICE<br>LOS ANGELES | | NAME OF JUDGE<br>BARRY RUSSELL |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>[signature] | | | |
| DATE<br>AUGUST 23, 2010 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>UZZI O. RAANAN | |

# INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| RICHARD K. DIAMOND (SBN 70634)<br>UZZI O. RAANAN (SBN 162747)<br>DANNING, GILL, DIAMOND & KOLLITZ, LLP<br>2029 CENTURY PARK EAST, THIRD FLOOR<br>LOS ANGELES, CA  90067<br>(310) 277-0077<br>(310) 277-5735<br><br>*Attorney for Plaintiff*  R. Todd Neilson, Chapter 11 Trustee | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re: EZRI NAMVAR | CHAPTER 11 |
|---|---|
| | CASE NUMBER  2:08-bk-32349-BR |
| Debtor. | ADVERSARY NUMBER |
| R. TODD NEILSON, AS CHAPTER 11 TRUSTEE FOR THE BANRUPTCY ESTATE OF EZRI NAMVAR<br>vs.      Plaintiff(s),<br>HOOSHANG "SEAN" NAMVAR, an individual<br><br>Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____ , the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| **Hearing Date:** | **Time:** | **Courtroom:** | **Floor:** |
|---|---|---|---|
| [X] 255 East Temple Street, Los Angeles | | [ ] 411 West Fourth Street, Santa Ana | |
| [ ] 21041 Burbank Boulevard, Woodland Hills | | [ ] 1415 State Street, Santa Barbara | |
| [ ] 3420 Twelfth Street, Riverside | | | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**KATHLEEN J. CAMPBELL**
**Clerk of Court**

By:_____
*Deputy Clerk*

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

February 2010 (COA-SA)

**F 7004-1**
F70041